E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALEXANDRA SLOAN KELLY (Cal. Bar No. 305811)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5010
     Facsimile: (213) 894-0141
     E-mail:    alexandra.kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-427-GW-4 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ERNESTO ROBERTO YBARRA |
| v. | |
| JACOB WOLFGANG GONZALEZ, et al., | |
| Defendants. | |

     1.    This constitutes the plea agreement between ERNESTO ROBERTO YBARRA ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

     2.    Defendant agrees to:

          a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and

sixteen of the indictment in <u>United States v. Jacob Wolfgang</u> <u>Gonzalez, et al.</u>, CR No. 23-427-GW-4, which charge defendant with conspiracy to engage in the business of dealing firearms without a license, in violation of 18 U.S.C. § 371 (count one), and felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) (count sixteen).

      b.  Not contest facts agreed to in this agreement.

      c.  Abide by all agreements regarding sentencing contained in this agreement.

      d.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.  Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.  Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.  Defendant further agrees:

      a.  To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

1              i.    A Glock, model 19, 9mm Luger caliber pistol,

2    bearing serial number BUPD386;

3              ii.   A machinegun conversion device (also known as a

4    "Glock switch," "trigger switch," "auto switch," or "auto sear") that

5    was attached to the Glock, model 19, 9mm Luger caliber pistol,

6    bearing serial number BUPD386;

7              iii. A Zastava, model N-PAP M70, 7.62x39mm caliber

8    rifle, bearing serial number N-PAP035707;

9              iv.   Approximately 800 rounds of PMC 5.56x45mm caliber

10   ammunition;

11             v.    Approximately 480 rounds of Fiocchi .40 S&W

12   caliber ammunition;

13             vi.   Approximately 300 rounds of PMC .40 S&W caliber

14   ammunition;

15             vii.  Approximately 200 rounds of Tula Cartridge Works

16   7.62x39mm caliber ammunition;

17             viii.    Approximately 130 rounds of SVT Technology

18   9mm Luger caliber ammunition;

19             ix.   Approximately 121 rounds of Lake City .223

20   caliber ammunition; and

21             x.    Approximately 102 rounds of CCI/Speer 9mm Luger

22   caliber ammunition (collectively, the "Forfeitable Property").

23        b.   To the Court's entry of an order of forfeiture at or

24   before sentencing with respect to the Forfeitable Property and to the

25   forfeiture of the property.

26        c.   That the Preliminary Order of Forfeiture shall become

27   final as to the defendant upon entry.

28

                                    3

d.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements

of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding

notice of the forfeiture in the charging instrument, announcements of

the forfeiture at sentencing, and incorporation of the forfeiture in

the judgment; (2) all constitutional and statutory challenges to the

forfeiture (including by direct appeal, habeas corpus or any other

means); and (3) all constitutional, legal, and equitable defenses to

the forfeiture of the Forfeitable Property in any proceeding on any

grounds including, without limitation, that the forfeiture

constitutes an excessive fine or punishment.  Defendant acknowledges

that forfeiture of the Forfeitable Property is part of the sentence

that may be imposed in this case and waives any failure by the Court

to advise defendant of this, pursuant to Federal Rule of Criminal

Procedure 11(b)(1)(J), at the time the Court accepts defendant's

guilty pleas.

4.    Defendant further agrees to:

a.    The abandonment to the United States of any interest

of the defendant in the following firearm and ammunition, seized by

law enforcement on or about August 15, 2023:

i.    Four Polymer80, model PF940V2, ghost guns;

ii.    An AR-style, .223, ghost gun rifle; and

iii.    Approximately 611 rounds of assorted caliber

ammunition (collectively, the "Seized Firearms and Ammunition").

b.    Acknowledge that he is the sole owner of the Seized

Firearms and Ammunition, and that no other person or entity has an

interest in the Seized Firearms and Ammunition.

c.    Complete any legal documents (including, but not

limited to, an ATF Form 3400.1 – Abandonment) required for the

transfer of title of the Seized Firearms and Ammunition to the United States.

## THE USAO'S OBLIGATIONS

5.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSES

6.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 371, the following must be true: (1) there was an agreement between two or more persons to engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and (3) one of the members of

1  the conspiracy performed at least one overt act for the purpose of

2  carrying out the conspiracy.

3      7.   Defendant understands that for a person to be guilty of the

4  crime of engaging in the business of dealing in firearms without a

5  license, in violation of 18 U.S.C. § 922(a)(1)(A), the following must

6  be true: (1) the person was willfully engaged in the business of

7  dealing in firearms; and (2) the person did not then have a license

8  as a firearms dealer.

9      8.   Defendant understands that for defendant to be guilty of

10 the crime charged in count sixteen, that is, felon in possession of

11 firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), the

12 following must be true: (1) defendant knowingly possessed a firearm

13 and/or ammunition; (2) the firearm and/or ammunition had been shipped

14 or transported from one state to another or between a foreign nation

15 and the United States; (3) at the time the defendant possessed the

16 firearm and/or ammunition, the defendant had been convicted of a

17 crime punishable by imprisonment for a term exceeding one year; and

18 (4) at the time the defendant possessed the firearm and/or

19 ammunition, the defendant knew he had been convicted of a crime

20 punishable by imprisonment for a term exceeding one year.

21                                     PENALTIES

22     9.   Defendant understands that the statutory maximum sentence

23 that the Court can impose for a violation of 18 U.S.C. § 371, is: 5

24 years' imprisonment; a 3-year period of supervised release; a fine of

25 $250,000 or twice the gross gain or gross loss resulting from the

26 offense, whichever is greatest; and a mandatory special assessment of

27 $100.

28

10.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 922(g)(1), is: 15 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

12.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

14. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

15. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

a.   Beginning no later than June 3, 2021, and continuing until at least August 15, 2023, in Santa Barbara County, defendant knowingly and intentionally conspired and agreed with co-defendants Jacob Wolfgang Gonzalez ("Gonzalez"), Kristopher Chase Malilay ("Malilay"), and Joshua Nathan Bedard ("Bedard"), and other co-conspirators, to engage in the business of dealing in firearms without a license.  Defendant became a member of this conspiracy knowing of this object and intending to help accomplish it.  During the conspiracy, neither defendant nor his co-conspirators possessed a license to import, manufacture, or deal in firearms.

b.   In furtherance of the conspiracy, defendant willfully supplied firearms to and manufactured firearms for Gonzalez. Gonzalez then sold these firearms to individuals Gonzalez believed were buyers of firearms, but who were, in fact, a confidential informant ("CI") and undercover agent ("UC") working for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  Defendant admits that he supplied these firearms to Gonzalez so that Gonzalez could sell the firearms to other individuals.

c.   Also in furtherance of the conspiracy, defendant committed the following specific acts, among others:

i.   Between June 3, 2021, and February 10, 2023, defendant purchased assorted firearms parts and accessories via eBay, including lower parts kits for Glock pistols, slides, and barrels for Glock pistols.

1        ii.  On October 27, 2022, defendant met with Gonzalez

2  at defendant's residence in Guadalupe, California.  During the

3  meeting, defendant provided Gonzalez with a black plastic bag

4  containing a privately manufactured AR-style, 5.56 NATO caliber

5  machinegun, bearing no serial number (commonly referred to as a

6  "ghost gun"), so that Gonzalez could sell the machinegun to the CI.

7        iii. On November 22, 2022, defendant delivered a

8  Polymer80, model PF940C, 9mm caliber ghost gun pistol to Gonzalez,

9  which defendant had assembled, so that Gonzalez could sell the ghost

10  gun pistol to a customer.

11        iv.  On January 24, 2023, Gonzalez called defendant to

12  discuss the availability of firearms for sale.  That same day,

13  defendant met with Gonzalez at defendant's residence in Guadalupe,

14  California.  During the meeting, defendant provided Gonzalez with a

15  black plastic bag containing a privately manufactured AR-style, .223

16  caliber ghost gun rifle, a Sturm, Ruger and Co., model GP100, .357

17  caliber magnum revolver, bearing serial number 171-83122, and two

18  high-capacity magazines.

19        v.  On April 20, 2023, defendant traveled to

20  Gonzalez's residence and delivered a Polymer80, model PF940C, .40

21  caliber ghost gun pistol to Gonzalez, which defendant had assembled.

22  After receiving this ghost gun pistol from defendant, Gonzalez got

23  into the CI's car to sell the firearm to the CI.

24        d.  Over the course of the conspiracy, defendant and his

25  co-conspirators, each aiding and abetting the other, willfully sold a

26  total of 28 firearms to the CI and/or the UC.  One of these firearms

27  had an obliterated serial number, i.e., a Ruger, model LCP, .380 ACP

28  caliber pistol with an obliterated serial number.

1        e.   Additionally, on August 15, 2023, in Santa Barbara

2   County, at his residence in Guadalupe, California, defendant

3   knowingly and illegally possessed the following firearms and

4   ammunition:

5            i.   A machinegun, which defendant knew to be a

6   machinegun, namely, a Glock, model 19, 9mm Luger caliber pistol,

7   bearing serial number BUPD386, which had a machinegun conversion

8   device attached to it;

9            ii.  A Zastava, model N-PAP M70, 7.62x39mm caliber

10  rifle, bearing serial number N-PAP035707, which was stolen;

11           iii. Approximately 800 rounds of PMC 5.56x44mm caliber

12  ammunition;

13           iv.  Approximately 480 rounds of Fiocchi .40 S&W

14  caliber ammunition;

15           v.   Approximately 300 rounds of PMC .40 S&W caliber

16  ammunition;

17           vi.  Approximately 200 rounds of Tula Cartridge Works

18  7.62x39mm caliber ammunition;

19           vii. Approximately 130 rounds of SVT Technology 9mm

20  Luger caliber ammunition;

21           viii.   Approximately 121 rounds of Lake City .223

22  caliber ammunition; and

23           ix.  Approximately 102 rounds of CCI/Speer 9mm Luger

24  caliber ammunition.

25       f.   All of the above-described firearms and ammunition,

26  which defendant possessed at his residence on August 15, 2023, were

27  manufactured outside of California, and thus, had been shipped or

28  transported from one state to another or from a foreign country into

the United States.  Further, at the time defendant knowingly and unlawfully possessed the firearms and ammunition found at his residence on August 15, 2023, defendant had previously been convicted of, and knew he had been convicted of, the following felony punishable by a term of imprisonment exceeding one year and misdemeanor crime of domestic violence:

   i.    Carrying a Concealed Firearm in Vehicle, in violation of California Penal Code Section 12025(a)(1), in the Superior Court for the State of California, Kings County, Case Number 06CM7926HTA, on or about November 10, 2006.

   ii.    Infliction of Corporal Injury on a Spouse, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of San Bernardino, Case Number MVI040965, on or about August 5, 2004.

  g.    Defendant also knowingly possessed the following firearms and ammunition at his residence in Guadalupe, California on August 15, 2023:

   i.    Four Polymer80, model number PF940V2, ghost gun pistols;

   ii.    An AR-style, .223 caliber, ghost gun rifle;

   iii.    Approximately 902 rounds of assorted caliber ammunition;

   iv.    Three high-capacity drum magazines; and

   v.    Tools and parts used to manufacture firearms, including a Polymer80 jig, three firearm slides/barrels, seven AK barrels, seven AK-style extended magazines, eleven AR-style extended magazines, and a Dremel toolbox and tools.

1                          SENTENCING FACTORS

2          16.  Defendant understands that in determining defendant's

3   sentence the Court is required to calculate the applicable Sentencing

4   Guidelines range and to consider that range, possible departures

5   under the Sentencing Guidelines, and the other sentencing factors set

6   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7   Sentencing Guidelines are advisory only, that defendant cannot have

8   any expectation of receiving a sentence within the calculated

9   Sentencing Guidelines range, and that after considering the

10  Sentencing Guidelines and the other § 3553(a) factors, the Court will

11  be free to exercise its discretion to impose any sentence it finds

12  appropriate up to the maximum set by statute for the crimes of

13  conviction.

14         17.  Defendant and the USAO agree to the following applicable

15  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2K2.1(a)(4)(B) |
| 25-99 Firearms | +6 | U.S.S.G. § 2K2.1(b)(1)(C) |
| Stolen Firearm | +2 | U.S.S.G. § 2K2.1(b)(4)(A) |
| Firearm Without a Serial Number/Obliterated Serial Number | +4 | U.S.S.G. § 2K2.1(b)(4)(B) |

21  Defendant and the USAO reserve the right to argue that additional

22  specific offense characteristics, adjustments, and departures under

23  the Sentencing Guidelines are appropriate.  The base offense level

24  set forth above is based on information currently known to the

25  government regarding defendant's criminal history.  Defendant

26  understands and agrees that defendant's base offense level could be

27  increased if defendant is an armed career criminal under U.S.S.G.

28  §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior

conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1.  If defendant's base offense level is so altered, defendant and the USAO will not be bound by the base offense level agreed to above.

18.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.  The right to persist in a plea of not guilty.

      b.  The right to a speedy and public trial by jury.

      c.  The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

      d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.  The right to confront and cross-examine witnesses against defendant.

      f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

15

1         g.   The right not to be compelled to testify, and, if

2    defendant chose not to testify or present evidence, to have that

3    choice not be used against defendant.

4         h.   Any and all rights to pursue any affirmative defenses,

5    Fourth Amendment or Fifth Amendment claims, and other pretrial

6    motions that have been filed or could be filed.

7    <u>WAIVER OF APPEAL OF CONVICTION</u>

8    21.  Defendant understands that, with the exception of an appeal

9    based on a claim that defendant's guilty pleas were involuntary, by

10   pleading guilty defendant is waiving and giving up any right to

11   appeal defendant's convictions on the offenses to which defendant is

12   pleading guilty.  Defendant understands that this waiver includes,

13   but is not limited to, arguments that the statutes to which defendant

14   is pleading guilty are unconstitutional, and any and all claims that

15   the statement of facts provided herein is insufficient to support

16   defendant's pleas of guilty.

17   <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18   22.  Defendant agrees that, provided the Court imposes a term of

19   imprisonment within or below the range corresponding to an offense

20   level of 26 and the criminal history category calculated by the

21   Court, defendant gives up the right to appeal all of the following:

22   (a) the procedures and calculations used to determine and impose any

23   portion of the sentence; (b) the term of imprisonment imposed by the

24   Court; (c) the fine imposed by the Court, provided it is within the

25   statutory maximum; (d) to the extent permitted by law, the

26   constitutionality or legality of defendant's sentence, provided it is

27   within the statutory maximum; (e) the term of probation or supervised

28   release imposed by the Court, provided it is within the statutory

maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 26 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEAS</u>

24. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

///

17

1              RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

2        25.  Defendant agrees that if any count of conviction is

3   vacated, reversed, or set aside, the USAO may: (a) ask the Court to

4   resentence defendant on any remaining count of conviction, with both

5   the USAO and defendant being released from any stipulations regarding

6   sentencing contained in this agreement, (b) ask the Court to void the

7   entire plea agreement and vacate defendant's guilty pleas on any

8   remaining count of conviction, with both the USAO and defendant being

9   released from all their obligations under this agreement, or

10  (c) leave defendant's remaining conviction, sentence, and plea

11  agreement intact.  Defendant agrees that the choice among these three

12  options rests in the exclusive discretion of the USAO.

13               EFFECTIVE DATE OF AGREEMENT

14       26.  This agreement is effective upon signature and execution of

15  all required certifications by defendant, defendant's counsel, and an

16  Assistant United States Attorney.

17                  BREACH OF AGREEMENT

18       27.  Defendant agrees that if defendant, at any time after the

19  signature of this agreement and execution of all required

20  certifications by defendant, defendant's counsel, and an Assistant

21  United States Attorney, knowingly violates or fails to perform any of

22  defendant's obligations under this agreement ("a breach"), the USAO

23  may declare this agreement breached.  All of defendant's obligations

24  are material, a single breach of this agreement is sufficient for the

25  USAO to declare a breach, and defendant shall not be deemed to have

26  cured a breach without the express agreement of the USAO in writing.

27  If the USAO declares this agreement breached, and the Court finds

28  such a breach to have occurred, then:

                              18

a.    If defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas.

b.    The USAO will be relieved of all its obligations under this agreement.

28.    Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

1
2

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

3      29.  Defendant understands that the Court and the United States

4  Probation and Pretrial Services Office are not parties to this

5  agreement and need not accept any of the USAO's sentencing

6  recommendations or the parties' agreements to facts or sentencing

7  factors.

8      30.  Defendant understands that both defendant and the USAO are

9  free to: (a) supplement the facts by supplying relevant information

10  to the United States Probation and Pretrial Services Office and the

11  Court, (b) correct any and all factual misstatements relating to the

12  Court's Sentencing Guidelines calculations and determination of

13  sentence, and (c) argue on appeal and collateral review that the

14  Court's Sentencing Guidelines calculations and the sentence it

15  chooses to impose are not error, although each party agrees to

16  maintain its view that the calculations in paragraph 17 are

17  consistent with the facts of this case.  While this paragraph permits

18  both the USAO and defendant to submit full and complete factual

19  information to the United States Probation and Pretrial Services

20  Office and the Court, even if that factual information may be viewed

21  as inconsistent with the facts agreed to in this agreement, this

22  paragraph does not affect defendant's and the USAO's obligations not

23  to contest the facts agreed to in this agreement.

24      31.  Defendant understands that even if the Court ignores any

25  sentencing recommendation, finds facts or reaches conclusions

26  different from those agreed to, and/or imposes any sentence up to the

27  maximum established by statute, defendant cannot, for that reason,

28  withdraw defendant's guilty pleas, and defendant will remain bound to

1    fulfill all defendant's obligations under this agreement.  Defendant
2    understands that no one -- not the prosecutor, defendant's attorney,
3    or the Court -- can make a binding prediction or promise regarding
4    the sentence defendant will receive, except that it will be within
5    the statutory maximum.

6                         NO ADDITIONAL AGREEMENTS

7         32.  Defendant understands that, except as set forth herein or
8    in any signed and filed supplemental agreements, there are no
9    promises, understandings, or agreements between the USAO and
10   defendant or defendant's attorney, and that no additional promise,
11   understanding, or agreement may be entered into unless in a writing
12   signed by all parties or on the record in court.

13              PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

14        33.  The parties agree that this agreement will be considered
15   part of the record of defendant's guilty plea hearing as if the
16   entire agreement had been read into the record of the proceeding.

17   AGREED AND ACCEPTED

18   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
19   CALIFORNIA

20   E. MARTIN ESTRADA
     United States Attorney
21                                              02/02/2024
22   ALEXANDRA SLOAN KELLY                      Date
     Assistant United States Attorney
23                                              2/16/17
24   ERNESTO ROBERTO YBARRA                     Date
     Defendant
25                                              2/16/17
26   THOMAS PAUL MATTHEWS                       Date
     Attorney for Defendant ERNESTO
27   ROBERTO YBARRA

28

                              21

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

ERNESTO ROBERTO YBARRA
Defendant

2/16/24
Date

1

CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am ERNESTO ROBERTO YBARRA's attorney.  I have carefully and
3  thoroughly discussed every part of this agreement with my client.
4  Further, I have fully advised my client of his rights, of possible
5  pretrial motions that might be filed, of possible defenses that might
6  be asserted either prior to or at trial, of the sentencing factors
7  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
8  provisions, and of the consequences of entering into this agreement.
9  To my knowledge: no promises, inducements, or representations of any
10 kind have been made to my client other than those contained in this
11 agreement; no one has threatened or forced my client in any way to
12 enter into this agreement; my client's decision to enter into this
13 agreement is an informed and voluntary one; and the factual basis set
14 forth in this agreement is sufficient to support my client's entry of
15 guilty pleas pursuant to this agreement.

16

17 THOMAS PAUL MATTHEWS                    Date   2/16/24
   Attorney for Defendant ERNESTO
18 ROBERTO YBARRA

19

20

21

22

23

24

25

26

27

28

23